UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHALITA SAVAGE,

        Petitioner,

v.

CITY OF FLINT,

        Respondent.

_____/

Case No. 2:25-cv-11950

HONORABLE STEPHEN J. MURPHY, III

## ORDER SUMMARILY DISMISSING PETITION [1]

Petitioner Shalita Savage through Jason Dye petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1, PageID.1–2. Petitioner alleged "a full-blown constitutional emergency." *Id.* And she stated that a " peaceful citizen has been brutalized, silenced, and crippled by state actors for speaking truth to power." *Id.* Petitioner allegedly "faces court-imposed conditions that bar her from even attending a city council meeting, let alone raising her voice." *Id.* Petitioner provided no additional details or allegations. For the reasons below, the Court will summarily dismiss the petition.

"A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed." *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also "authorized to dismiss any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The same is true of any petitions that plainly show that the petitioner is not entitled to habeas relief. *See Carson v.*

1

*Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases in the United States District Courts; 28 U.S.C. § 2243. A district court can employ Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See, e.g.*, *Perez,* 157 F. Supp. 2d at 796 (additional citations omitted); *see also Switek v. Michigan*, 587 F. Supp. 3d 622, 625 (E.D. Mich. 2021).

Here, the Court must dismiss the Petition for two reasons. First, the Court must dismiss because Jason Dye does not have standing to bring a claim on behalf of Shalita Savage. A plaintiff may raise a constitutional claim on behalf of a third party if he can prove "(1) injury-in-fact to the plaintiff, (2) a close relationship between the plaintiff and the third party whose rights he asserts, and (3) a hindrance preventing the third party from raising his own claim." *Moody v. Mich. Gaming Control Bd.*, 847 F.3d 399, 402 (6th Cir. 2017). Here, the petition lacks facts to establish that a close relationship exists between Savage and Dye, and the petition asserted no facts suggesting that Savage cannot bring her claim on her own. The Court therefore must dismiss the petition for lack of standing. *Moody*, 847 F.3d at 402 ("Standing is a threshold issue for bringing a claim in federal court and must be present at the time the complaint is filed.").

Second, the Court must summarily dismiss the petition because it is facially insufficient. "Section 2241 provides jurisdiction to district courts over habeas petitions when a petitioner 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020)

(quoting 28 U.S.C. § 2241(c)(3)). Put simply, Petitioner did not plead facts demonstrating that she is even in custody. *See generally* ECF No. 1. And she certainly pleaded no facts demonstrating that she is in custody in violation of the law. *Id.* Rather, Petitioner's allegations are threadbare and conclusory. "Conclusory allegations without factual support do not state a claim." *Turner v. Campbell*, 205 F.3d 1342 (6th Cir. 1999) (unpublished table decision); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.). The Court therefore must dismiss the petition. *Choiniere v. Walton*, No. 2:12-cv-12321, 2012 WL 2458402, at *2 (E.D. Mich. June 27, 2012) (Murphy, J.); *see also Sanders v. Wickersham*, No. 2:24-cv-11969, 2024 WL 4097464, at *2 (E.D. Mich. Aug. 6, 2024) (noting that habeas petitions must "state the facts supporting each ground") (quotation omitted).

To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In other words, Defendant must show that reasonable jurists could debate whether the Court should have resolved the motion in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). But reasonable jurists would not debate the Court's denial of Defendant's motion. So, the Court will deny a certificate of appealability. The Court will also deny Petitioner leave to appeal *in forma pauperis* because she cannot take an appeal in good faith. *See* 28 U.S.C. § 1915(a)(3).

**WHEREFORE**, it is hereby **ORDERED** that the petition for habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal and a certificate of appealability are **DENIED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: July 14, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 14, 2025, by electronic and/or ordinary mail.

                                        s/ R. Loury
                                        Case Manager